STATE v. WADE CLAYTON.

(Filed 19 February, 1908).

1. **Public Roads—Failure to Work—Justice's Court—Jurisdiction.**
    Under Revisal, 3779, the punishment for failure to work the roads is cognizable only in courts of justices of the peace, and the Superior Court can only acquire jurisdiction by appeal.

2. **Same—Appeal—Proceedings Quashed.**
    Where the justice of the peace has exclusive jurisdiction of the offense and binds the defendant over to the Superior Court, the latter court having jurisdiction upon appeal only, the proceedings must be quashed.

3. **Public Roads—Summons to Work—Adjournment.**
    The overseer of public roads must comply with the statutory provisions in having the roads worked, causing those summoned to work either two days or one, as the occasion requires, allowing an interval of at least fifteen days, and adjourn only on account of rain, sickness or other unavoidable cause, and not merely for his own convenience.

**4. Same—Overseer—Reasonable Discretion—Burden of Proof.**
> Under an indictment for failure to work the public roads, where there is a controversy as to an adjournment by the overseer, the burden is on the State to show the overseer therein exercised a sound and reasonable discretion.

CRIMINAL ACTION for refusing to work the public roads, tried before *O. H. Allen, J.,* and a jury, at October Term, 1907, of the Superior Court of BEAUFORT County.

From a verdict of guilty and the judgment rendered the defendant appealed.

*Assistant Attorney-General* for the State.
*Nicholson & Daniel* for defendant.

BROWN, J.    This proceeding must be quashed, as the Superior Court acquired no jurisdiction.    The only jurisdiction it could exercise is appellate, and the record shows that no judgment was rendered by the justice of the peace, or sentence imposed, but that he acted only as a committing magistrate and bound the defendant over to the Superior Court.    In that court no indictment was sent, and very properly so, as that court had only appellate and not original jurisdiction.    Under section 3779, Revisal 1905, a failure to work the road is made a misdemeanor, punishable by fine of not less than two dollars nor more than five, or by imprisonment not exceeding five days.    This gives the justices of the peace final jurisdiction, with the right of appeal by defendants.    As the point presented upon this appeal may arise again, we will decide it. The defendant was summoned to work the public roads on a Saturday, and worked until noon, when he was discharged. The overseer summoned him again to work the following Friday and Saturday.    This was illegal.    Section 2721 of the Revisal is explicit: "The overseer of the road shall, as often as the road shall require it, not more than six days in any one year, summon the hands of his section to work on the road, but the said hands shall not be required to work

continuously for a longer time at any one time than two days, and at least fifteen days shall intervene between workings, except in case of special damage to the road resulting from storm." The same section further provides "that no hands shall be required to work for a less time than seven hours or a longer time than ten hours in any one day."

We cannot concur in the contention that the maxim that the law does not recognize parts of a day applies to the working of the public roads. When the overseer "calls out the road hands" it is his duty to work them a full day, from seven to ten hours each day, for two days if necessary. If not necessary to work two days, then for one day. After that working, then fifteen days must intervene before another, and the total days must not exceed six in any one year. The overseer may, on account of rain, sickness or other unavoidable cause, adjourn a working from one day to the next, or to some other day, and then finish the requisite number of hours to complete one day's work, but his discretion is not an arbitrary one and must be exercised upon reasonable cause. In the event of a controversy, the burden would be on the State to show that the overseer exercised a sound and reasonable discretion. The statute does not contemplate that the overseer may call out the road force and work the roads a few hours, and then, without reason or necessity, but for his own convenience, adjourn to the next or some subsequent day, and then complete the seven to ten hours which constitute one day's work.

Let the costs of this Court be paid by the county of Beaufort.

Proceeding Dismissed.